IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARK EDWARD TAYLOR                                                                                               PLAINTIFF

      v.                              CIVIL NO. 2:22-cv-02052-MEF-PKH

KILOLO KIJAKAZI, Acting Commissioner,
Social Security Administration                                                                                DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Pending now before this Court is Plaintiff's Motion for Attorney Fees Under the Equal Access to Justice Act. (ECF Nos. 21, 22). The matter is before the undersigned for report and recommendation.

On April 7, 2023, Plaintiff filed a motion for attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting $7,189.30, representing a total of 28.90 attorney hours for work performed in 2022 at an hourly rate of $221.00 and 3.40 attorney hours for work performed in 2023 at a rate of $236.00 per hour. (ECF No. 21-1). Despite the passage of more than 30 days, the Defendant has filed no response to Plaintiff's motion.

It is the opinion of the undersigned that the Plaintiff is entitled to a fee award in this case. The record clearly shows that he is the prevailing party; the government's decision to deny benefits was not "substantially justified"; the hourly rate requested for attorney hours does not exceed the CPI for either year in question; and the time asserted to have been spent in the representation of the Plaintiff before the district court is reasonable. *See Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986) (burden is on the Commissioner to show substantial justification for the government's denial of benefits); *Johnson v. Sullivan*, 919 F.2d 503 (8th Cir. 1990) (the hourly rate may be increased when there is "uncontested proof of an increase in the cost of living sufficient to justify hourly attorney's fees of more than $75.00 an hour); and, *Hensley v. Eckerhart*, 461 U.S. 424, 430

(1983) (in determining reasonableness, court looks at time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and, the amount involved). As such, the undersigned finds that the Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $7,189.30.

Pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 (2010), the EAJA fee award should be made payable to Plaintiff. As a matter of practice, however, an EAJA fee made payable to Plaintiff may properly be mailed to Plaintiff's counsel.

The parties are reminded that, to prevent double recovery by counsel for the Plaintiff, the award herein under the EAJA will be considered at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406.

Accordingly, the undersigned recommends that the Plaintiff be awarded the sum of **$7,189.30** for attorney's fees pursuant to the EAJA, 28 U.S.C. § 2412.

**The parties have fourteen (14) days from receipt of our report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. We remind the parties that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this 10th day of May 2023.

/s/ Mark E. Ford
HON. MARK E. FORD
CHIEF UNITED STATES MAGISTRATE JUDGE